## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CHERLYN HAWKE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CASE NO.** CIV-14-1032-C |
| | § | |
| **STATE FARM FIRE AND CASUALTY** | § | |
| **COMPANY and ED DATER,** | § | |
| | § | |
| **Defendants.** | § | **JURY DEMANDED** |

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

PLEASE TAKE NOTICE that Defendant, State Farm Fire and Casualty Company ("State Farm") hereby files its Notice of Removal ("Notice"). In support hereof, State Farm would respectfully show the Court as follows:

1.     On or about September 30, 2013, Plaintiff Andrea Pope filed her Petition ("Complaint") in the matter entitled *Cherlyn Hawke v. State Farm Fire and Casualty Company and Ed Dater*, Case No. CJ-13-1243, in the District Court of Cleveland County, State of Oklahoma. A copy of this Complaint is attached hereto as Exhibit 1.

2.     Summonses were issued upon State Farm and Defendant Ed Dater ("Dater") on or about September 30, 2013. Attached hereto as Exhibit 2 are true and correct copies of the Summonses.

3.     Defendant Dater has been fraudulently joined in this case in order to defeat federal diversity jurisdiction.  Absent the fraudulently joined claims against Dater, this case meets the requirements for federal jurisdiction under 28 U.S.C. § 1332.

4.     As set forth in further detail below, this action is timely removed within one year of the commencement of this action and within thirty days i) of the date on which State Farm received a paper "from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b), and ii) of the date State Farm was able "to intelligently ascertain removability." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999).

5.     Defendant Dater consents to this removal through his undersigned counsel.

## NATURE OF THE SUIT

6.     Plaintiff's lawsuit arises out of a claim she made under her homeowners insurance policy for damage to her home allegedly sustained from a tornado on or about May 20, 2013.  Plaintiff has brought claims against State Farm for breach of contract and breach of the duty of good faith and fair dealing.

7.     Plaintiff has also brought the following claims against both State Farm and Dater: 1) Negligence in the Procurement of Insurance, which she alleges occurred by Dater selling her a State Farm insurance policy that supposedly did not serve to actually replace her home and personal property when her home was destroyed by a covered loss, and that did not accurately reflect the replacement cost of Plaintiff's dwelling; 2) Constructive Fraud and Negligent Misrepresentation, which Plaintiff alleges occurred by Dater supposedly misrepresenting to Plaintiff the insurance coverage sold to her;

3) Negligence, which appears to be a restatement of the claim for Negligent Procurement with the added allegation that Defendants failed to conduct an appropriate underwriting analysis, which supposedly resulted in issuing and/or renewing a policy of insurance for Plaintiff that did not provide appropriate and adequate coverage; and 4) Breach of Fiduciary Duty, which consists simply of conclusory allegations that Defendants "breached their fiduciary duties owed to the Plaintiff." *See* Ex. 1.

8.     These fraudulently joined claims against Dater lack both factual and legal basis. To demonstrate such, State Farm has sought for many months to take Plaintiff's deposition in order to secure the testimony and admissions that would show the baselessness of the asserted claims against the agent. Plaintiff's counsel, however, have prevented State Farm from doing so, and indeed have refused to make Plaintiff available for deposition until after the passage of a year in an attempt to prevent removal of this case to federal court. However, as set forth below, Plaintiff's stratagem to preclude removal cannot succeed, and indeed the statements of Plaintiff's counsel during the transcribed hearing in this matter on July 21, 2014, and actions subsequent thereto, have made this action properly removable at this time.

## BASIS OF REMOVAL

9.     State Farm was and is a corporation organized in Illinois, with its principal place of business in Bloomington, McLean County, Illinois. Defendant Dater is a citizen of Oklahoma, but has been fraudulently joined in this action in order to defeat diversity jurisdiction. Upon information and belief, the Plaintiff is a citizen of Cleveland County, Oklahoma.

10.     This Court has original jurisdiction over the matters made the basis of this lawsuit pursuant to 28 U.S.C. § 1332 in that (1) the Plaintiff is an Oklahoma citizen; (2) Plaintiff is completely diverse from State Farm; (3) Plaintiff has fraudulently joined Dater, in that the Plaintiff has a legally insufficient basis for her claims against this non-diverse Defendant, and; (4) the requisite amount in controversy has been satisfied on the face of Plaintiff's Complaint.

11.     Venue is proper because Cleveland County is located within the Western District of Oklahoma.  28 U.S.C. § 1441(a).

12.     The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  As evidentiary support for this allegation, State Farm relies upon Plaintiff's Complaint, in which Plaintiff states she is seeking damages in excess of $75,000.00 for her causes of action.  *See* Ex. 1 ¶¶ 19, 25, 40, 49, 61, 66 and Prayer for Relief.

13.     The claims and allegations made by Plaintiff in this case are virtually identical to those made in a case entitled *Nathaniel Neill and Alicia Neill v. State Farm Fire and Casualty Company and Jack Stout*, which was filed by the same plaintiffs' counsel in the District Court of Woodward County, Oklahoma in 2012.  A copy of the Petition filed in the *Neill* case is attached hereto as Exhibit 3.  As in this case, the Petition filed by the *Neill* plaintiffs purported to assert claims not only against State Farm, but also against the Neills' non-diverse insurance agent, Jack Stout.  The only differences between the *Neill* Petition and the Complaint filed by Plaintiff here are: (1) the identity of the insurance agent; (2) the date of the tornado that "heavily damaged" the respective

plaintiffs' property; and (3) the inclusion in the *Neill* case of a claim for injunctive relief that plaintiffs' counsel chose not to plead here. Other than those differences, the allegations of the Complaint filed by Plaintiff in this case track the allegations of the *Neill* Petition paragraph by paragraph. *Compare* Ex. 1 *with* Ex. 3.

14.    A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Defendants can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006). If a defendant can show that a non-diverse defendant was fraudulently joined, the parties will be completely diverse and the Court may exercise subject matter jurisdiction over the case. *See American Nat'l Bank & Trust Co. of Sapulpa, v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder.").

15.    The procedure for removal set out in 28 U.S.C. § 1446 provides at least two windows during which a case may be removed: (1) during the first thirty days after the defendant receives the original pleading, or (2) during the first thirty days after the defendant receives a paper "from which it may first be ascertained that the case is one which is or has become removable" if "the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b). The removal period does not begin to run until the

defendant is able "to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the fact." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999). Where federal jurisdiction is based on diversity of citizenship, Section 1446(b) provides that the case generally may not be removed more than one year after commencement of the action. 28 U.S.C. § 1446(b).

16.     State Farm believed from the outset that the *Neill* plaintiffs had fraudulently joined the insurance agent in order to defeat federal diversity jurisdiction. The pleading itself, however, was indeterminate in this regard. *See Neill v. State Farm Fire and Cas. Co.*, W.D. Okla. Case No. 13-cv-627-D, Order dated Jan. 21, 2014 (Doc. 11), copy attached hereto as Exhibit 4 (rejecting plaintiffs' argument that State Farm's notice of removal was untimely and concluding that the fraudulent joinder of defendant Stout could not be ascertained from the initial pleading).

17.     When a defendant raises specific allegations of fraudulent joinder, the court may pierce the pleadings and consider evidence such as affidavits and deposition testimony. *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967); *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). Accordingly, in order to establish that Stout had been fraudulently joined in the *Neill* case, State Farm took the depositions of the *Neill* plaintiffs. *See Neill*, W.D. Okla. Case No. 13-cv-627-D, Defendant State Farm Fire and Casualty Co.'s Notice of Removal (Doc. 1) at 5-7, copy attached hereto as Exhibit 5.

18.     On June 14, 2013 State Farm removed the *Neill* case to the Western District of Oklahoma, asserting based on its depositions of the plaintiffs that defendant Stout had been fraudulently joined. *Id.* The *Neill* plaintiffs filed a motion to remand in which they argued, among other things, that State Farm had not shown that defendant Stout had been fraudulently joined. *See* Ex. 4 at 3. District Court Judge Timothy D. DeGiusti rejected that argument, finding that the deposition testimony of the plaintiffs "shows there is no possibility that Plaintiffs would be able to establish a cause of action" against Stout. *Id.* at 4.

19.     In September of 2013 – approximately three months after State Farm removed the *Neill* case to federal court based on the *Neill* plaintiffs' deposition testimony – Plaintiff filed this virtually identical case against State Farm and Plaintiff's non-diverse insurance agent, Dater.

20.     While certain of Plaintiff's causes of action are facially defective, given the vagueness of other claims, such as Plaintiff's claims of fraud and misrepresentation, removal was not reasonably possible solely on the face of the Complaint. Thus, as in the *Neill* case, State Farm sought to take the deposition of the Plaintiff in order for State Farm to intelligently ascertain and establish the removability of this case. Plaintiff's counsel were well aware of State Farm's intention to remove this case once it took Plaintiff's deposition and obtained the information necessary to establish that Defendant Dater had been fraudulently joined.

21.     State Farm began by filing a Motion to Dismiss in the state court which sought, as alternative relief if dismissal were not granted, an order requiring Plaintiff to

amend her Complaint to assert her fraud/misrepresentation claims with specificity – relief Plaintiff specifically opposed in the state proceeding and which the trial judge denied. Exhibit 6 (Motion to Dismiss).

22.     Thereafter, and for many months, State Farm repeatedly requested dates for Plaintiff's deposition, and unilaterally served deposition notices when dates were not forthcoming.[1]  Ex. 7 (December 27, 2013 letter requesting Plaintiff's deposition); Ex. 8 (January 13, 2013 letter enclosing Notice for Plaintiff's deposition); Ex. 9 (January 21, 2014 e-mail from Plaintiffs' counsel agreeing to postpone depositions and reschedule by agreement after a Court hearing on the appointment of a Discovery Master); Ex. 10 (February 5, 2014 letter from State Farm memorializing agreement to abate deposition notices on condition of scheduling depositions by agreement, starting with the Plaintiff's deposition, to begin in early March 2014); Ex. 11 (March 7, 2014 letter from State Farm noting agreement on depositions had been breached); Ex. 12 (June 6, 2014 letter again requesting Plaintiff's deposition, as agreement on depositions had been breached); Ex. 13 (June 25, 2014 letter from State Farm acknowledging agreement by Plaintiff's counsel to begin depositions by agreement, but enclosing notice for firm date).

23.     Then, on July 1, 2014, State Farm's counsel received a letter from Plaintiff's counsel advising that they were completely unavailable for depositions until

---

[1] This case was consolidated with several other cases pending in Cleveland County for discovery purposes under the case *Misner et al. v. State Farm Fire and Casualty Company et al.,* Case No. CJ-2013-1050 on or about January 8, 2014, so several instances of communications in this case were made under that consolidated case caption.

late September 2014 – by which time, of course, the one-year deadline for removal of the case set forth in Section 1446(b) would have passed. Ex. 14.

24.    On July 3, 2014, State Farm filed a Motion to Compel Depositions. Ex. 15. In that Motion, State Farm made clear it believed counsel for Plaintiff was attempting to "run the clock" on the removal of this case and the other cases with which it had been consolidated. *Id.* at 4.

25.    In the hearing on the Motion to Compel, the state court judge agreed with State Farm's position that it was entitled to take the Plaintiff's deposition within a year of filing, and referred the matter to the Discovery Master. Ex. 16 at 10-11, 22-23. After a discovery conference with the parties' counsel, the Discovery Master issued a report and recommendation in which he expressly recognized both the need for State Farm to depose the Plaintiffs in the consolidated cases in order to establish fraudulent joinder and that those depositions needed to take place before the one-year anniversary for removal purposes; the Discovery Master recommended the first round of Plaintiffs' depositions be taken on August 1.[2]  Ex. 17.

---

[2]  The first three rounds of depositions would have included depositions of the plaintiffs in *Timothy Misner and Rachel Misner v. State Farm Fire and Casualty Company and Debbie Shepherd Insurance Agency, Inc.*, Case No. CJ-2013-1050; *Jonathon Roggow and Theresa Roggow v. State Farm Fire and Casualty Company and Chuck Davis*, Case No. CJ-2013-1106; and *Mary DeJulius v. State Farm Fire and Casualty Company and Michael Garey*, Case No. CJ-2013-1173. These cases have now been removed to this District Court under the following numbers: *Timothy Misner and Rachel Misner v. State Farm Fire and Casualty Company and Debbie Shepherd Insurance Agency, Inc.*, Case No. CJ-2013-1050; *Mary DeJulius v. State Farm Fire and Casualty Company and Michael Garey*, Case No. 14-cv-00889-C, and; *Jonathan and Theresa Roggow v. State Farm Fire and Casualty Company and Chuck Davis*, Case No. 14-cv-00888-M.

26.    On July 21, 2014, the state court judge held a hearing on State Farm's Motion to Compel.  During that hearing, Plaintiff's counsel again represented that they were "totally unavailable" for depositions until the end of September due to trial schedules.  Ex. 18 at 13-14.  Moreover, Plaintiff's counsel then asserted that State Farm did not need to depose the Plaintiff in order to remove the case based on fraudulent joinder.  *Id.* at 8-10, 13-17.  Indeed, in order to persuade the state court to deny State Farm's motion, Plaintiff's counsel took the position that State Farm has "more than what they need to go remove this action if they are so inclined" (*id.* at 10), that there was "no prejudice to State Farm" if it was not able to take the depositions prior to the one-year removal deadline, that State Farm is "entitled to remove" (*id.* at 15) and that "it is not even necessary for State Farm" to take the depositions in order to establish fraudulent joinder (*id.* at 17).  Based on the statements made by Plaintiff's counsel, the Court refused to compel the deposition of Plaintiff prior to the September 30, 2014 one-year removal deadline.  Ex. 18 at 20; Ex. 19 (July 21, 2014 Summary Order).

27.    Subsequent to the July 21, 2014 Summary Order, State Farm learned that the August 2014 trial date that Plaintiff's counsel had argued made them unavailable for depositions before the end of September had been stricken.  Ex. 20 (Docket Sheet – *Joe Banks v. USAA*, Case No. CJ-2013-00012, continued by agreement on August 6, 2014).  The same day, State Farm's counsel requested immediate dates for Plaintiff's deposition prior to the one-year anniversary.  Ex. 21 (August 6, 2014 letter requesting Plaintiff's deposition).  Plaintiff's counsel never responded to the request.

28.     Subsequent to the August 6, 2014 letter, State Farm learned that the September 2014 trial dates that Plaintiff's counsel had argued rendered them unavailable for depositions before the one-year anniversary of this case had also stricken. Ex. 22 (Docket Sheet – *Gabriel Becerra v. Farmers Insurance Company*, Case No. CJ-2013-1051, parties announced not ready for trial on August 19, 2014, case continued); Ex. 23 (Docket Sheet – *David Cosper v. Farmers Insurance Company*, Case No. CJ-2013-1171, parties announced not ready for trial on August 19, 2014, case continued). The same day, counsel for State Farm again requested immediate dates for Plaintiff's deposition prior to the one-year anniversary.   Ex. 24 (August 22, 2014 letter requesting Plaintiff's deposition).  Plaintiff's counsel did not respond to that request either.

29.     On August 28, 2014, State Farm's counsel sent a letter to Plaintiff's counsel, noting the continuances of Plaintiffs' counsel's trial dates and that their allegedly busy trial schedule had been the sole rationale for refusing to proceed with depositions. Ex. 25.  As no response to requests for depositions had been made, the letter enclosed an amended deposition notice for Plaintiff to take place on September 17, 2014. *Id.*

30.     On September 15, 2014, two days before the deposition, without ever providing an alternative date for the deposition, Plaintiff's counsel filed a Motion to Quash the Deposition.  Exhibit 26.  In the Motion to Quash, Plaintiff's counsel claimed the date was "not agreeable" and stated that in any event, "Defendants will likely attempt to remove this matter."  *Id.* at 2-3.  Plaintiff did not appear for the deposition on September 17, 2014.  Ex. 27.

31.     "[F]ederal courts must vigilantly protect a defendants' right to proceed in federal court against abuses and manipulations by the plaintiff." *Anderson v. Ford Motor Co.*, 303 F. Supp. 2d 1253, 1258 (W.D. Okla. 2004) (internal quotations omitted). "Federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals." *Id.* (internal quotations omitted).

32.     Plaintiff here has attempted to deprive State Farm of its right to have this case heard by a federal court.  She did so first by fraudulently joining a non-diverse defendant against whom Plaintiff has no possibility of establishing a cause of action, and then by obstructively refusing to cooperate in the scheduling of her deposition in order to run the clock on the one-year deadline for State Farm to remove the case.  These are exactly the kinds of abuses and manipulations that federal courts must guard against.

33.     The thirty-day period for State Farm to remove this case did not begin until State Farm was able "to intelligently ascertain removability." *Huffman*, 194 F.3d at 1078 (internal quotations omitted).   Federal courts have broadly interpreted what may constitute an "other paper" that allows the defendant to ascertain removability. *Id.* (discussing cases).  For example, information elicited during a deposition may serve the purpose. *Id.*  On July 21, 2014, at the hearing in which Plaintiff's counsel took the position that (1) State Farm did not need to depose the Plaintiff in order to establish fraudulent joinder and that (2) State Farm was "entitled to remove" this action without taking that deposition, the Court refused to compel Plaintiff's deposition.   When State Farm subsequently learned that Plaintiff's counsel's trial calendar had completely

cleared, however, State Farm re-served a notice for the deposition of Plaintiff so that it could develop the factual record to demonstrate fraudulent joinder. Plaintiff nevertheless failed to appear for the deposition, and filed a Motion to Quash making clear their intention not to produce the Plaintiff for a deposition prior to the one-year anniversary of the filing of her Complaint. Plaintiff's Motion to Quash – and her subsequent non-appearance at the noticed deposition – establish Plaintiff's intent to stand on her counsel's stated position that State Farm does not need to depose Plaintiff in order to establish fraudulent joinder and is "entitled to remove" this action without taking that deposition, thereby allowing State Farm to intelligently ascertain removability. State Farm is filing this Notice of Removal within thirty days of the date of its receipt of Plaintiff's Motion to Quash and her failure to appear for her deposition.

34.     State Farm submits that the facts set forth below and the continued refusal of Plaintiff's counsel to make Plaintiff available for deposition, when viewed in conjunction with the concessions made by Plaintiff's counsel at the aforementioned July 21, 2014 hearing and confirmed with respect to Plaintiff in her Motion to Quash, establish the fraudulent joinder of Defendant Dater, and therefore the removability of this action. To the extent the Court believes that a further evidentiary showing is required to establish fraudulent joinder, the record is clear that State Farm has been deprived of the opportunity to make that showing by Plaintiff's deliberate and improper refusal to allow State Farm to depose Plaintiff within a year of the filing of her Complaint. Accordingly, State Farm requests that it be permitted to take Plaintiff's deposition prior to any ruling by this Court on the issue of fraudulent joinder.

## FRAUDULENT JOINDER - FRAUD AND CONSTRUCTIVE FRAUD

35.    Plaintiff's constructive fraud claim against Defendant Dater is legally insufficient because there is no duty to "notify" an insured about the "nature" of the insurance purchased.  Oklahoma law is clear that "insurance companies and their agents do not have a duty to advise an insured with respect to his insurance needs." *Rotan v. Farmers Ins. Group of Cos., Inc.*, 83 P.3d 894, 895 (Okla. Civ. App. 2004); *Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App. 2013) (holding no duty to provide an "adequate amount" of coverage); *Mueggenborg v. Ellis*, 55 P.3d 452, 453 (Okla. Civ. App. 2002) (holding no statutory or common law duty to advise as to amount of insurance); *Silver v. Slusher*, 770 P.2d 878, 882 n.11 (Okla. 1988) (holding no duty to explain coverage terms to insured).  Dater has no duty under Oklahoma law to "notify" Plaintiff about the "nature and character" of her insurance or to provide "appropriate and adequate coverage."

36.    In addition, Plaintiff's constructive fraud claim against Dater is legally insufficient because it rests upon alleged statements regarding the future performance of the policy.  *See* Ex. 1 ¶ 42.  Under Oklahoma law, a misrepresentation "must be regarding existing facts and not to future events." *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1282 (N.D. Okla. 2006) (quoting *Hall v. Edge*, 782 P.2d 122, 128 n.4 (Okla. 1989).  Plaintiff also cannot reasonably be said to have "relied" on the alleged misrepresentations because the Policy itself clearly discloses the scope and terms of the Policy's replacement cost coverage.  Under Oklahoma law, Plaintiff had a duty to read her policy and to know its terms and conditions. *Id.* at 1282-83 (dismissing fraud and

negligence claims because the policy expressly contradicted the allegedly fraudulent and/or negligent statements).   "An action for fraud may not be predicated on false statements when the allegedly defrauded party could have ascertained the truth with reasonable diligence." *Bankers Trust Co. v. Brown*, 107 P.3d 609, 614 (Okla. Civ. App. 2004) (quoting *Silver*, 770 P.2d at 881).

37.    Plaintiff's fraud claim also fails because it is based on an event that never occurred – the total loss of Plaintiff's house.  Plaintiff has not alleged that her house was totally destroyed (because it was not) or that it would cost more to replace the dwelling than the face amount of the Policy.  The replacement cost of Plaintiff's house is not at issue in this case. Therefore, she cannot reasonably be said to have relied on the alleged statements regarding the replacement cost of the dwelling, nor could she have been "damaged" by them.[3]

**FRAUDULENT JOINDER - NEGLIGENCE/NEGLIGENT PROCUREMENT**

38.    The negligence claims against Dater are likewise legally insufficient because an agent has no duty under Oklahoma law to advise an insured regarding insurance needs or to monitor a policy for "appropriate" coverage.   Further, the unambiguous terms of the Policy, including the amount of stated coverage, directly

---

[3] In any event, the <u>sole</u> remedy for that cause of action would be premium reimbursement under 36 O.S. § 4804; *Scoufos v. State Farm Fire and Cas. Co.*, 41 P.3d 366, 370 (Okla. 2001) (unless Plaintiff alleges a total destruction of their property – which is a precondition to recovery under the statute – her claims would fail on the face of the Complaint.

contradict the generically alleged negligent oral statements and actions by Dater.[4]  The Policy clearly sets forth in the provision entitled "Loss Settlement" that Defendant's payment obligations are on an actual cash value basis until the insured repairs or replaces the damaged property and submits a claim for the difference.  Ex. 28 at 11-12.    Both federal and state courts in Oklahoma have held that such provisions are enforceable.  *See, e.g., Truesdell v. State Farm Fire and Cas. Co.*, 960 F. Supp. 1511 (N.D. Okla. 1997); *Bratcher v. State Farm Fire and Cas. Co.*, 961 P.2d 828 (Okla. 1998)

39.    Oklahoma law provides that "[a]n applicant for insurance, who accepts a policy the provisions of which are plain, clear, and free from all ambiguity, is chargeable with knowledge of its terms and legal effect." *National Fire Ins. Co. of Hartford v. McCoy*, 239 P.2d 428, 430 (Okla. 1951); *see also Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272 (N.D. Okla. 2006). ("It is well established under Oklahoma law that insureds have a duty 'to examine, read, and know the contents of the policy before accepting and paying the premium therefor, and, having failed or neglected to do so [,they are] estopped from denying knowledge of its terms or conditions.'") (quoting *Liverpool & L. & G. Ins. Co. v. T.M. Richardson Lumber Co.*, 69 P. 936, 937 (Okla. 1902)).

### FRAUDULENT JOINDER – BREACH OF FIDUCIARY DUTY

40.    Plaintiff's claim for breach of fiduciary duty must fail because Oklahoma does not recognize a fiduciary duty by an insurance agent to an insured. *See Swickey v.*

---

[4] Oral discussions are merged into and superseded by the terms of a written agreement. *Bonner v. Okla. Rock Corp*, 863 P.2d 1176, 1180 (Okla. 1993).

*Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999) ("There are no Oklahoma cases holding that an insurance agent owes a fiduciary duty to a prospective insured, or to an established customer with respect to procurement of an additional policy."); *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272 (N.D. Okla. 2006).

## FRAUDULENT JOINDER - STATUTE OF LIMITATIONS

41.     It is well established under Oklahoma law that insureds have a duty "to examine, read, and know the contents of the policy before accepting and paying the premium therefor, and, having failed or neglected to do so [, they are] estopped from denying knowledge of its terms or conditions." *Liverpool & L. & G. Ins. Co. v. T.M. Richardson Lumber Co.*, 69 P. 936, 937 (1902). Plaintiff applied for the policy at issue here on or about 1994 and could have rejected, amended, or modified it if it did not meet her expectations.  Ex. 29 (Application demonstrating policy purchased in 1994).  She did none of those things.  Rather, Plaintiff elected to keep the policy, and is therefore deemed to have been on notice of the policy's terms since 1994.

42.     All Plaintiff's claims against Dater are subject to a two-year statute of limitations.  12 O.S. § 95.  Thus, all the statute of limitations applicable here would have expired in 1996.

\*\*\*

43.     State Farm files contemporaneously herewith all pleadings or other documents on file in the State Court matter (Exhibits 31 - 58), including a copy of the Court's docket sheet, attached hereto as Exhibit 30, with the exception of the Plaintiff's Complaint attached hereto as Exhibit 1, the Summons served upon State Farm and Dater

attached hereto as Exhibit 2, Defendants' Motion to Dismiss Plaintiffs' Original Petition and Subject to Same, Original Answer, and Demand for Jury Trial attached hereto as Exhibit 6, and Plaintiff's Motion to Quash Deposition attached hereto as Exhibit 26.

WHEREFORE, PREMISES CONSIDERED, STATE FARM FIRE AND CASUALTY COMPANY, Defendant, pursuant to and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes *Cherlyn Hawke v. State Farm Fire and Casualty Company and Ed Dater*, Case No. CJ-13-1243, in the District Court of Cleveland County, State of Oklahoma, on this, the 24th day of September, 2014.

Respectfully submitted,


By____/s/Benjamin G. Kemble
     David V. Jones, OBA #19611
     Benjamin G. Kemble, OBA #21006
21 E. Main St., Suite 101
Oklahoma City, Oklahoma  73104
Telephone:   (405) 601-8713
Facsimile:   (405) 232-8330
**ATTORNEYS FOR DEFENDANTS,
STATE FARM FIRE AND CASUALTY
COMPANY AND ED DATER**


**OF COUNSEL:**
**JONES, ANDREWS & ORTIZ, P.C.**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 24th day of September, 2014, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants and/or in accordance with the Federal Rules of Civil Procedure:

Mr. Jeff D. Marr
Ms. Carole Dulisse
Marr Law Firm
4301 Southwest Third Street, Suite 110
Oklahoma City, OK 73108

Mr. Reggie N. Whitten
Mr. J. Revell Parrish
Whitten Burrage
1215 Classen Drive
Oklahoma City, OK 73103

/s/Benjamin G. Kemble
Benjamin G. Kemble