

IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY

CHERLYN HAWKE,  )
FILED )
)
SEP 30 2013 )
Plaintiff, )
)
versus   In The Office of the ) Case No. CJ-2013-1243 L
Court Clerk RHONDA HALL )
)
STATE FARM FIRE & CASUALTY )
COMPANY and ED DATER, )
)
Defendants. )

## PETITION

**COMES NOW**, Plaintiff, Cherlyn Hawke (hereinafter "Plaintiff"), for her claims against Defendants, State Farm Fire & Casualty Company (hereinafter "State Farm"), and Ed Dater (hereinafter "Dater"), state as follows:

1. Plaintiff is a resident of Moore, located in Cleveland County, Oklahoma.

2. Defendant State Farm is a corporation incorporated under the laws of the State of Illinois, with its principle place of business in Bloomington, Illinois.

3. Defendant Dater is an insurance agent residing within the State of Oklahoma.

4. Defendant Dater owns and operates a State Farm agency, in Cleveland County, Oklahoma.

5. Plaintiff entered into a contract of insurance with Defendant State Farm to provide coverage for her residence, household contents, and vehicles. Plaintiff's insured property is located in Cleveland County, Oklahoma.

6. Plaintiff purchased her homeowner's replacement cost policy of insurance through the offices of State Farm agent, Defendant Dater. At the time Plaintiff purchased her homeowner's policy with Defendant State Farm, Defendant Dater was an agent and/or

-1-


EXHIBIT 1

ostensible agent of Defendant State Farm.

7. Defendant Dater was familiar with Plaintiff, and had served as her primary insurance agent for her personal, home and auto insurance needs for several years. Defendant Dater advised Plaintiff of the need to maintain replacement cost insurance on her home.

8. Plaintiff relied on Defendant Dater's representations and purchased the same. Plaintiff trusted and believed Defendant Dater had the requisite insurance agent skills and expertise to properly procure the replacement insurance coverage Plaintiff requested.

9. Thereafter, Defendant State Farm issued the homeowner's replacement cost insurance policy of insurance (Policy No. 36-BE-4924-6) to the Plaintiff.

10. State Farm represented to the Plaintiff, directly and through its agent, Defendant Dater, that it would conduct itself in accordance with Oklahoma law and would fully and fairly investigate and pay claims. Plaintiff relied on said representations.

11. On or about the 20th day of May, 2013, Plaintiff's property, which was insured by the subject homeowner's replacement cost policy of insurance, was heavily damaged as the direct result of a catastrophic tornado which struck Moore, Oklahoma.

12. Consequently, Plaintiff properly and timely submitted a claim to Defendant State Farm for the property damage resulting from the May 20, 2013, tornado.

13. Defendant State Farm confirmed Plaintiff's property had in fact sustained direct physical damage as a result of catastrophic tornado which occurred on or about the 20th day of May, 2013, and that said loss was covered under the terms and conditions of Plaintiff's homeowner's replacement cost policy with State Farm.

14. Subsequently, Defendant State Farm paid portions of Plaintiff's claim based on the estimate which it prepared.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

15. Plaintiff entered into a contract of insurance with Defendant State Farm to provide coverage for her dwelling and personal property. The homeowner's replacement cost policy with Defendant State Farm was in full force and effect at all material times hereto.

16. Plaintiff provided proper and timely notice to Defendant State Farm of her claims arising from the catastrophic tornado of May 20, 2013.

17. Plaintiff has in all material ways, complied with the terms and conditions of the policy.

18. Defendant State Farm, however, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiff by failing to pay Plaintiff all benefits to which she is entitled under the terms and conditions of the policy.

19. As a result of Defendant State Farm's breach of contract and other wrongful conduct, Plaintiff has sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

## SECOND CAUSE OF ACTION
## BAD FAITH

Plaintiff adopts and re-pleads paragraphs 1 through 19 above, and for her claim against Defendant State Farm further allege as follows:

20. Defendant State Farm owed a duty to Plaintiff to deal fairly and in good faith.

21. Defendant State Farm breached its duty to deal fairly and in good faith by engaging in the following acts and omissions:

    a. failing to pay the full and fair amount for the property damage sustained by

Plaintiff from the May 20, 2013, tornado in accordance with the terms and conditions of her insurance policy;

b. failing to pay all additional coverages due and owing to Plaintiff under the terms and conditions of her homeowner's replacement cost policy, thereby unfairly and without valid basis, reducing the fair amount of Plaintiff's claim;

c. purposefully, wrongfully and repeatedly withholding pertinent benefits, coverages and other provisions due Plaintiff under the terms and conditions of her insurance policy in violation of Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16;

d. purposefully, wrongfully and repeatedly failing to communicate all coverages and benefits applicable to Plaintiff's claim;

e. forcing Plaintiff to retain counsel to recover insurance benefits to which she was entitled under the terms and conditions of the insurance contract.

f. failing to perform a fair and objective investigation of Plaintiff's damages; and

g. engaging in outcome oriented investigation and claim handling practices.

22. Defendant State Farm's obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code. State Farm's failure to implement and/or follow Oklahoma's statutory Insurance Code constitutes bad faith.

23. The conduct of Defendant State Farm, as described above, constitutes bad faith and is a material breach of the terms and conditions of the insurance contract between the parties.

24. As a direct result of Defendant State Farm's bad faith, Plaintiff's claim was unnecessarily delayed, inadequately investigated, and wrongly underpaid. Said actions resulted in additional profits and financial windfall for Defendant State Farm.

25. As a result of Defendant State Farm's conduct, Plaintiff has sustained financial

losses, mental and emotional distress and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

26.     Defendant State Farm's conduct was intentional, willful, malicious and in reckless disregard of the rights of Plaintiff, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

27.     Plaintiff further alleges Defendant State Farm enjoyed increased financial benefits and ill gotten gains as a direct result of the wrongful conduct described above herein, which resulted in the injury to Plaintiff.

### THIRD CAUSE OF ACTION
### NEGLIGENCE IN THE PROCUREMENT OF INSURANCE

Plaintiff adopts and re-pleads paragraphs 1 through 27 above, and for her additional claims against Defendants Dater and State Farm do hereby and further allege as follows:

28.     Defendant Dater was familiar with Plaintiff. Plaintiff had hired Defendant Dater as her primary insurance agent for her personal, home and auto insurance needs. In said capacity, Defendant Dater advised Plaintiff of the need to purchase and maintain the more expensive replacement cost coverage so her home and personal property would be replaced in the event her home was destroyed by a covered loss.

29.     Plaintiff relied on Defendant Dater's representations and annually purchased the suggested coverage paying the higher premiums for the same year in and year out for several years.

30.     Defendant Dater procured the subject homeowner's replacement cost policy, providing for replacement cost coverage for Plaintiff. At all times relevant hereto, Defendant Dater was an agent and/or ostensible agent of Defendant State Farm.

31.     Defendant Dater owed Plaintiff a duty to act in good faith and to exercise

reasonable care, skill and diligence in the procurement of insurance for the Plaintiff.

32. Defendant Dater had a duty to accurately inform Plaintiff of all coverages, benefits, limitations, risks and exclusions in the coverage procured.

33. Defendant Dater breached his duty owed to Plaintiff and is liable to Plaintiff because through the fault of Defendant Dater, the insurance requested by Plaintiff was not procured as promised and Plaintiff suffered a loss.

34. Defendant Dater breached his duty owed to Plaintiff by:

a. Representing to Plaintiff that the replacement cost policy she was being sold would serve to replace her home and personal property without any deduction for depreciation knowing such a statement was untrue;

b. Failing to disclose to Plaintiff at the time he sold her the policy that the only way she could actually recover the replacement costs benefits was to first use a portion of her own money to replace the property first. And if she could not do so, she would never receive the replacement cost benefits she had paid extra for;

c. Procuring an insurance policy which did not actually serve to return her home and personal property to its pre-loss condition;

d. Procuring a policy which did not accurately reflect the replacement cost of Plaintiff's dwelling;

35. Defendant Dater had a duty to accurately inform Plaintiff of all coverages, benefits, limitations, risks and exclusions. Defendant Dater breached this duty by failing to accurately inform Plaintiff of the limitations and risks of the policy he had procured for Plaintiff.

36. Defendant Dater was negligent and breached his duty owed to Plaintiff by failing to monitor and review the policy procured for Plaintiff to ensure it provided appropriate and

adequate coverage.

37. Plaintiff assumed the policy of insurance procured and maintained by Defendant Dater conformed to her agreement with Defendant Dater.

38. Plaintiff relied on the assurances of Defendant Dater that the insurance provided appropriate and adequate coverage. Defendant Dater knew, or should have known, Plaintiff relied on him that the insurance procured was as represented, and it was foreseeable that the failure to procure the insurance that was represented could unnecessarily expose Plaintiff to significant harm, losses, and damages.

39. Defendant Dater is the agent and/or ostensible agent of Defendant State Farm, and Defendant State Farm is vicariously liable for the conduct of Defendant Dater.

40. As a result of Defendants' conduct, Plaintiff has sustained financial losses, mental and emotional distress, and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

41. The conduct of Defendant was intentional, willful, malicious and in reckless disregard of the rights of the Plaintiff, and is sufficiently egregious in nature as to warrant the imposition of punitive damages.

### FOURTH CAUSE OF ACTION
### CONSTRUCTIVE FRAUD AND
### NEGLIGENT MISREPRESENTATION

Plaintiff adopts and re-pleads paragraphs 1 through 41 above, and for her additional claims against Defendants Dater and State Farm do hereby and further allege as follows:

42. Defendant Dater had a duty to exercise reasonable diligence and skill in obtaining and notifying Plaintiff of the nature and character of the insurance procured. Defendant Dater breached this duty by misrepresenting to Plaintiff as follows:

-7-

   a. Representing to Plaintiff that the replacement cost policy she was being sold would serve to replace her home and personal property without any deduction for depreciation knowing such a statement was untrue;

   b. Failing to disclose to Plaintiff at the time he sold her the policy that the only way she could actually recover the replacement costs benefits was to first use a portion of her own money to replace the property first. And if she could not do so, she would never receive the replacement cost benefits she had paid extra for;

   c. The insurance coverage procured was truly one of "replacement";

   d. The amount of coverage procured, and for which premiums were paid, was equal to the estimated replacement cost of Plaintiff's home;

   e. The amount of coverage procured would provide the coverage necessary for Plaintiff to replace her dwelling and personal property in the event her home was totally destroyed by a covered event;

   f. In the event Plaintiff sustained a loss from a covered event, her dwelling and personal property would be "replaced" as opposed to depreciated.

43. Plaintiff relied on the above-referenced representations of Defendant Dater in purchasing and renewing her policy of insurance with State Farm.

44. As a result of Defendant Dater's breach of duty, Defendant Dater gained an advantage for himself by misleading Plaintiff, to her prejudice. Defendant Dater misrepresented the nature of the insurance policy procured for Plaintiff; Defendant Dater misrepresented the policy as one which would provide appropriate and adequate coverage for Plaintiff's home and personal property; and Defendant Dater misrepresented the policy as one which would cover to replace Plaintiff's dwelling and personal property in the event her home was totally destroyed by

a covered event.

45. Defendant Dater's misrepresentations constitute constructive fraud.

46. Plaintiff was induced to accept and purchase the State Farm homeowners replacement cost policy by Defendant Dater's misrepresentations and constructive fraud.

47. Plaintiff was misled by Defendant Dater's misrepresentations and constructive fraud.

48. Defendant Dater is the agent and/or ostensible agent of Defendant State Farm for purposes of these misrepresentations, and as such is vicariously liable for them.

49. As a result of the Defendants' constructive fraud and misrepresentation, Plaintiff has sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest. Plaintiff is further entitled to reformation of the insurance contract to provide coverage consistent with Defendant Dater's misrepresentations.

50. The conduct of Defendants was intentional, willful, malicious and in reckless disregard of the rights of the Plaintiff, and/or was grossly negligent, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

### FIFTH CAUSE OF ACTION
### NEGLIGENCE

Plaintiff adopts and re-pleads paragraphs 1 through 50 above, and for her additional claims against Defendants Dater and State Farm do hereby and further allege as follows:

51. The Defendants owed a duty to Plaintiff to exercise good faith, reasonable care, skill and expertise to ensure the insurance policy accurately reflect the risks insured.

52. At the time the policy was sold, and at each renewal, Defendants were obligated to utilize reasonable valuation methodology to determine the costs which Defendants considered

necessary to cover the replacement cost of Plaintiff's dwelling. Defendants were then prohibited from writing more insurance than they considered necessary to cover the replacement cost of Plaintiff's dwelling as determined at the time the subject policy was written.

53. Defendants negligently breached their duties to Plaintiff to exercise good faith, reasonable care, skill and expertise in failing to establish an accurate and consistent methodology for calculating the replacement cost of Plaintiff's dwelling.

54. Defendants' breach resulted in both inconsistent and inaccurate replacement cost valuations resulting in Plaintiff having policy limits which did not accurately reflect the risks insured.

55. The conduct and inconsistencies referenced herein also violate Defendant State Farm's duties of good faith dealing implicit in the contract of insurance with Plaintiff.

56. Defendant State Farm's duties and obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code. Defendant State Farm's negligence in failing to implement and/or follow Oklahoma's statutory Insurance Code also constitutes bad faith. Defendant State Farm's conduct referenced herein constitutes both negligence and a breach of this duty of good faith dealing.

57. Defendant State Farm's negligent failure to utilize a consistent methodology to accurately establish and reflect the risks insured, morally and legally requires it be held to a duty of reasonable care, and that the burden of the resulting liability for the breach of this duty be imposed upon State Farm. This duty exists due to the foreseeability of the harm to Plaintiff which could occur as a result of this negligence in failing to establish a consistent methodology for calculating the replacement cost of Plaintiff's dwelling; this negligence of inconsistent and inaccurate replacement cost valuations is the direct cause of the harm and injury suffered by

Plaintiff; and the moral blame for the negligent failure issue the correct policy lies with the Defendant State Farm. Further, the burden on the Defendant State Farm of imposing a duty to exercise care in establishing a consistent and accurate methodology for replacement cost valuations for the needs of the insured (with resulting liability for breach) is minimal, given the expertise of Defendant State Farm, and its representations that it is an expert in the field of providing insurance coverage to the general public, such as Plaintiff.

58. Plaintiff relied both on the representations of Defendant Dater and the notoriety of Defendant State Farm that they utilized a consistent and accurate methodology for replacement cost valuations to ensure the insurance policy provided the coverage that was promised to them by Defendants.

59. The Defendants negligently breached their duty owed to Plaintiff by failing to utilize and implement a consistent and accurate methodology for replacement cost valuations which resulted in issuing and/or renewing a policy of insurance to/for Plaintiff that was not commensurate with the risks for which the policy issued and renewed. Defendant Dater was an agent, employee and/or ostensible agent of Defendant State Farm, and Defendant State Farm is vicariously liable for Defendant Dater's negligent breach of duty.

60. As a result of the Defendants' negligent conduct, Plaintiff has sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

61. The conduct of Defendants was intentional, willful, malicious and in reckless disregard of the rights of the Plaintiff, and/or was grossly negligent, and is sufficiently egregious in nature so as to warrant the imposition of punitive damages.

## SIXTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

Plaintiff adopts and re-pleads paragraphs 1 through 61 above, and for her additional claims against Defendants Dater and State Farm further allege as follows:

62. A special relationship akin to that of a fiduciary duty exists between the Defendants and Plaintiff stemming from the quasi-public nature of insurance, the unequal bargaining power between the Defendants and Plaintiff, and the potential for Defendants to unscrupulously exert that power at a time when Plaintiff is most vulnerable. As a result of this special relationship, the Defendants owed a fiduciary duty to their insured to act in a manner consistent with the interests of its insured.

63. A fiduciary relationship existed between Plaintiff and Defendant Dater. The overmastering influence of Defendant Dater over Plaintiff, and Plaintiff's dependency and trust in her insurance agent, Defendant Dater, which was justifiable given the pre-existing relationship between them, and Defendant Dater's assurance that the insurance policy would make the Plaintiff whole in the event of a loss, creates a fiduciary status with respect to Defendant Dater as it relates to Plaintiff. Defendant Dater's duty to act reasonably given the specialized knowledge he possessed of the terms and conditions of insurance policies created such a special relationship as to make Defendant Dater a fiduciary.

64. The Defendants breached their fiduciary duties owed to the Plaintiff.

65. As a result of the Defendants' breach of fiduciary duties, Plaintiff has sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

66. The conduct of Defendants was intentional, willful, malicious and in reckless disregard of the rights of the Plaintiff, and is sufficiently egregious in nature so as to warrant the

imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiff prays for judgment in her favor and against Defendants, State Farm Fire and Casualty Company and Ed Dater, for:

a) Payment for all contractual benefits for all coverages afforded to Plaintiff under the subject State Farm policy for damage to her property caused by the May 20, 2013, tornado, with interest on all amounts due;

b) Compensatory damages for intentional infliction of emotional distress and mental pain and suffering;

c) Disgorgement of the increased financial benefits derived by any and/or all of the Defendants as a direct result of the Defendants' wrongful conduct;

d) Actual and punitive damages each in an amount in excess of $75,000.00; and,

e) Prejudgment interests, costs and attorneys' fees.

...

Respectfully submitted,

/s/ Jeff D. Marr

JEFF D. MARR, OBA No. 16080
CAROLE DULISSE, OBA No 18047
MARR LAW FIRM
4301 Southwest Third Street
Suite 110
Oklahoma City, Oklahoma 73108
Telephone: (405) 236-8000
Facsimile: (405) 236-8025
Email: jeffdmarr@marrlawfirm.com
       cdulisse@marrlawfirm.com
*Attorneys for Plaintiff*

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**