IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHERLYN HAWKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-14-1032-C |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY and ED DATER, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff's home was insured by Defendant State Farm. Plaintiff had purchased her insurance policy through Defendant Dater, an agent for Defendant State Farm. On May 20, 2013, Plaintiff's home was damaged by a tornado. Plaintiff sought coverage for the damage from Defendant State Farm. Unable to agree on the amount of compensation to which she was entitled, Plaintiff filed this action against Defendant State Farm, asserting claims for breach of contract and bad faith. Plaintiff also named Dater, asserting claims for negligence in procurement of the policy and misrepresentation. Plaintiff's action was filed in the District Court of Cleveland County, Oklahoma, on September 30, 2013. On September 22, 2014, Defendant State Farm removed the action to this Court, asserting diversity of citizenship as its basis for jurisdiction. Plaintiff now seeks remand, arguing that Defendant State Farm's removal was untimely.

The timeliness of Defendant's Notice of Removal is governed by 28 U.S.C. § 1446(b). In pertinent part, subparagraph one of that statute states: "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . ." Here, Defendant argues this time limit is inapplicable as removeability could not be determined on the face of Plaintiff's Petition.

To understand Defendant's argument some consideration of the parties' positions is necessary. As noted above, Plaintiff has made claims against the agent who sold her insurance policy. That agent, Defendant Dater, is a citizen of Oklahoma. Thus, if he remains a party the Court lacks subject matter jurisdiction as complete diversity is lacking. For its part, Defendant State Farm argues that Defendant Dater has been fraudulently joined and therefore should be disregarded for purposes of determining diversity. "'To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013) (quoting Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242, 249 (5th Cir. 2011)).

Plaintiff's claims against Defendant Dater were set forth in her Petition. Defendant State Farm argues that Plaintiff agrees that the propriety of removal could not be determined on the face of the Petition and therefore some other document was required. However, Defendant misstates Plaintiff's position. Plaintiff's position regarding the Petition is not an

2

admission that it was so ambiguous that whether Defendant Dater was fraudulently joined could not be ascertained on its face. Rather, when Plaintiff agrees the case was not removeable on the face of the Petition, Plaintiff restates her belief that she has a valid and prosecutable claim against Defendant Dater. Thus, whether or not the Petition was sufficient to provide Defendant with a basis for removal remains an open question.

Assuming for the sake of argument that Defendant is correct and the Petition was insufficient, consideration of the applicability of subparagraph (3) of § 1446(b) is the next step. That portion of the statute states:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

According to Defendant, the "other paper' that finally confirmed the case was removeable was Plaintiff's September 15, 2014, Motion to Quash. Defendant State Farm argues that when Plaintiff sent its Motion to Quash Plaintiff's deposition, it became apparent that Plaintiff agreed that her deposition would clarify she had no valid claim against Defendant Dater. Thus, Defendant State Farm argues, the Motion to Quash provided its first notice that the matter was removable.

Defendant State Farm's leap in analysis is simply too great. There are numerous valid reasons for Plaintiff to seek to quash her deposition that have nothing to do with the validity of her claims against Defendant Dater. The most obvious is that stated by Plaintiff, that her counsel's schedule did not permit the deposition on the date set by Defendant State Farm. The Court finds the Motion to Quash does not qualify as an "other paper" as contemplated by § 1446(b)(3). Accordingly, Defendant may not rely on that document to demonstrate timely removal. Assuming, without deciding, that the propriety of removal was not apparent on the face of the Petition, Defendant has failed to demonstrate the existence of any other paper or other knowledge that would trigger its right to remove. Consequently, the Court finds removal was improper and remand is required.

Defendant State Farm requests leave for additional discovery in the event the Court is unable to determine whether Defendant Dater was fraudulently joined. Because the Court has determined Defendant State Farm's removal was untimely, any issue related to Defendant Dater is immaterial. Therefore, Defendant State Farm's Motion will be denied.

Plaintiff requests fees in the event the Court grants its Motion to Remand. The Supreme Court has held that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). It cannot be said that Defendant lacked an objectively reasonable basis for its removal. Accordingly, Plaintiff's request for fees will be denied.

For the reasons set forth herein, Plaintiff's Motion to Remand (Dkt. No. 8) is GRANTED.  Defendant State Farm Fire and Casualty Company's Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiff's Motion to Remand (Dkt. No. 15) is DENIED.  The Clerk of Court shall take the necessary steps to remand this matter to the District Court of Cleveland County, Oklahoma.

IT IS SO ORDERED this 24th day of November, 2014.

ROBIN J. CAUTHRON
United States District Judge